164

## CIRCUIT COURT OF WISE COUNTY

Randy D. Mumpower

    v.

Virginia Employment Commission
and M & S Coal Co., Inc.

October 12, 1993

Case No. C93–8

BY JUDGE J. ROBERT STUMP

The court has reviewed the above file, record of proceedings, counsel brief, and oral arguments and makes the following findings of fact and conclusions of law.

The issue in this unemployment compensation appeal from the Commission's denial of benefits to claimant is whether there is sufficient evidence to uphold the Commission's decision that claimant did not have good cause to leave his employment as required by § 60.2–618(1). The court answers this question in the negative.

There was only one witness at the hearing, the claimant. The evidence discloses the following facts and testimony of claimant.

At the beginning of the evidentiary hearing, claimant was asked if he objected to any documents. He attempted to clarify the "VEC Claim for Benefits" document which said: "remarks, tried to change me to the evening shift." He replied, "That seems like that was the primary reason, but it's not." (Tr. p. 3.)

Claimant was asked, "What was the reason . . . that you are no longer employed?" He answered:

> He wasn't paying us . . . . That's one problem . . . He owed us
> quite a large sum of money to everyone there at the mine . . .
> more men kept quitting . . . finally he told me that he was

going to put on a second shift . . . I didn't see how he could afford to pay more men when he couldn't pay what he already owed the men . . . all these different incidents, compounded, compelled me to quit.

(Tr. pp. 5, 6.)

When he told you he was going to transfer you to second shift, that's what made you decide to leave?

Yes . . . I didn't think it was right to hire more men when he couldn't pay the men he already had.

If he had not decided to hire on the second shift then, or had not wanted you to transfer, would you have stayed on?

Yes, I would have stayed on with that. Yeah! . . . But, like I said, I don't see how, how he could hire more men, which is more money, which he didn't have.

(Tr. p. 9.)

Claimant said in closing, "I feel that I was justified because I wasn't being paid. Didn't know what taxes were being taken out on me. So, I really — I don't believe I really had a choice." (Tr. p. 11.)

The Commission determined that claimant's move to second shift was the primary reason he quit, and the pay dispute was only a secondary reason.

There is no statutory authority in § 60.2–618(1) nor Virginia case law requiring a ranking or priority of reasons for employees to voluntarily quit for good cause. Therefore, the Commission misinterpreted the law on voluntary quits for good cause.

Claimant, who was not represented by counsel at the hearing, initially denied that the primary reason for quitting was the attempt to change him to the evening shift of work. (Tr. p. 3.) In his closing statement, he testified he was "justified [in quitting] because I wasn't being paid." (Tr. p. 11.)

The problems and claimant's reasons for quitting were:

(1) That he was not being paid. (Tr. p. 5, 6, 11.) He was paid intermittently in small amounts of cash, not the full sum owed, and there were no records of federal or state tax withholdings, nor the number of hours worked; and

(2) That he was going to be transferred to second shift. But claimant testified in conjunction with this reason, "I didn't think it was right to hire more men when he couldn't pay the men he already had." (Tr. p.

6); and "all these different incidents, compounded, compelled me to quit." (Tr. p. 6.)

Therefore, there is insufficient evidence to support the Commission's conclusion that the pay dispute did not cause claimant to quit.

Virginia law requires that employers pay wages in a timely manner, §§ 40.1–29(A)(1) and 40.1–29(A)(2), which was not done here. Nor did the employer provide claimant with regular itemized statements of his wages. § 40.1–29(C). The Commission ignored these required legal standards in considering claimant's reasons for voluntarily quitting his job.

Claimant took all reasonable steps to resolve the employment-pay dispute before quitting his job.

"The determination of what constitutes good cause is a mixed question of law and fact and, therefore, is subject to review on appeal." *Umbarger v. V.E.C., et al.*, 12 Va. App. 431, 434 (1991). The Commission failed to resolve conflicts in the evidence; arbitrarily disregarded uncontradicted evidence of unimpeached witnesses, which was not inherently incredible and not inconsistent with other facts in the record; and failed to consider all the facts as a whole in the record.

The court is of opinion that the Commission's findings of fact and conclusions of law in this case are not supported by the evidence, and it erred as a matter of law.

The court finds as a matter of law that claimant had good cause to voluntarily quit his employment, i.e., he was not being paid and his employer could not pay a second shift of workers. Therefore, the order of the Commission is reversed and remanded for payment of unemployment compensation benefits.